# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 15-176V

Filed: April 21, 2016

Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| TYLER STEEN, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

Attorneys' fees and costs decision; respondent does not object

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>James H. Cook</u>, Waterloo, IA, for petitioner.
<u>Justine E. Walters</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING DAMAGES[1]

On February 24, 2015, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) ("Vaccine Act") alleging that he suffered from motor axonal neuropathy that was either caused or significantly aggravated by his receipt of the influenza ("flu") vaccine on September 17, 2013. On January 29, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation.

On April 20, 2016, petitioner filed an unopposed motion for attorneys' fees and costs. Petitioner requests $13,193.50 in attorneys' fees and $3,535.59 in attorneys' costs for a total of

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

$16,729.09.  Petitioner incurred $2,386.61 in costs.  <u>See</u> Pet'r's Mot., Ex. 2.  On April 20, 2016 respondent's counsel confirmed that respondent has no objections to the award of $19,115.70 in attorneys' fees and costs.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300 aa-15(e).  Based on the reasonableness of petitioner's request and the lack of opposition, the undersigned **GRANTS** petitioner's application for attorneys' fees and costs.  **Accordingly, the court awards:**

    a.  **$16,729.09**, representing attorneys' fees and costs.  The award shall be in the form of a check made payable jointly to petitioner and Dutton, Braun, Staack & Hellman, P.L.C. in the amount of **$16,729.09**; and

    b.  **$2,386.61**, representing petitioner's costs.  The award shall be in the form of a check made payable to petitioner for **$2,386.61**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: <u>April 21, 2016</u>

                                            <u>s/ Laura D. Millman</u>
                                            Laura D. Millman
                                            Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.